ROBERT KILBY, ESQ.
Nevada Bar No. 7402
LAW OFFICES OF ROBERT KILBY
1895 Plumas St., Suite 4
Reno, Nevada 89509
Telephone: (775) 337-6670
Facsimile: (775) 337-6652
robert@kilbylaw.net
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN CHRISTOPHER, MARIKA CHRISTOPHER, and L.C., a minor by and through her guardians ad litem JOHN CHRISTOPHER and MARIKA CHRISTOPHER, | Case No. 3:16-cv-567-MMD-WGC **ORDER [~~PROPOSED~~]** |
| Plaintiffs, | |
| v. | |
| DOUGLAS COUNTY SCHOOL DISTRICT, KATHLEEN GOHEEN, SUSAN LACEY, and DOES 1-30, | |
| Defendants. | |

Before the court is plaintiffs John Christopher and Marika Christopher ("Christophers") and L.C.'s, a minor, motion for order confirming settlement. ECF No. 11. Defendants Douglas County School District ("DCSD"), Kathleen Goheen ("Goheen"), and Susan Lacey ("Lacey") (collectively "Defendants") filed a non-opposition to the motion. ECF No. 12.

I.      **Facts and Procedural Background**

Plaintiff L.C. is a child with special needs, who attended Gene Scarselli Elementary School within the DCSD in the 2014-2015 school year. During said school year, L.C. was allegedly abused by Goheen. L.C. was assigned to Lacey's special needs classroom for the 2015-2016 school year. During the 2015-2016 school year, L.C. was allegedly abused by Lacey on multiple occasions.

On September 30, 2016, plaintiffs filed the underlying complaint against defendants alleging seven causes of action: (1) excessive force in violation of 42 U.S.C. §:1983; (2) discrimination in violation of the Americans with Disabilities Act ("ADA"); (3) violation of § 504 of the Rehabilitation Act of 1973; (4) violation of NRS 651.090; (5) battery; (6) intentional infliction of emotional distress; and (7) negligence.  ECF No. 1.  After the action was filed, the parties agreed to settle plaintiffs' claims for $150,000.  Thereafter, plaintiffs filed the present motion to confirm settlement.  ECF No. 11.  Defendants filed a non-opposition to said motion. ECF No. 12.

## II.     Discussion

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).  "Rule 17(c) provides, in relevant part, that a district court 'must appoint a guardian ad litem—or issue another appropriate order—to protect minor or incompetent person who is unrepresented in an action.'" *Id*. (quoting FED.R.CIV.P. 17(c )).  "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id*. (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir.1978)).

As the Ninth Circuit has recently made clear, in cases involving the settlement of a minor's claims, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interest to the district court has no special duty to safeguard."  *Id.* At 1181-82 (citing *Dacanay*, 573 F.2d at 1078).

Here, L.C., through her guardians ad litem, has agreed to settle her claims against defendants.  According to the express terms of the settlement, defendants shall pay plaintiffs $150,000 in exchange for the release of all claims.  Plaintiffs' counsel is set to receive 1/3 of the total settlement as a contingent fee, calculated before the deduction of expenses, for a total fee

1    award of $40,000.  After the deduction of fees and costs, the parties have agreed to allocate

2    $74,617.06 from the remaining net proceeds to L.C., through the creation of a special needs trust.

3    This amount constitutes 80% of the total net settlement, with the remaining 20% of net proceeds

4    going to the parents John Christopher and Marika Christopher for their own personal claims against

5    defendants.  A copy of the proposed special needs trust is attached as an exhibit to the motion.

6    ECF No. 11, Exhibit A.  The trust has been specifically drafted by John C. Smith of the John Smith

7    Law Firm, an estate planning attorney with a specialized focus on developing estate plans that

8    involve persons with disabilities. *Id.*

9    Upon consideration of the facts of the case, L.C.'s specific claims, the terms of the

10    settlement and recoveries in similar cases, the court finds the settlement to be in the best interest of

11    all of the parties, and specifically L.C., and that the amount of money L.C. will receive

12    ($74,617.06) for her claims is fair and reasonable.  Accordingly, the court shall grant plaintiffs'

13    motion as follows:

14        (1)    The underling settlement between plaintiffs and defendants in the amount of

15              $150,000 is APPROVED;

16        (2)    The creation and funding of the Special Needs Trust attached as Exhibit A to

17              plaintiffs' motion is APPROVED;

18        (3)    Plaintiffs John Christopher and Marika Christopher, as guardians ad litem shall

19              execute the Special Needs Trust for L.C. pursuant to the terms of that trust;

20        (4)    Venue for on-going oversight of the special needs trust established herein shall

21              lie with the Ninth Judicial District Court of the State of Nevada in and for the

22              County of Douglas;

23        (5)    $74,617.06 in net proceeds for the settlement shall be allocated to and held within

24              the Special Needs Trust of plaintiff L.C.;

25        (6)    Any trustee bond for the special needs trust shall be waived until such time as the

26              funds of the Trust are released and made accessible to the Trustee;

27

28

1    (7)    Attorney's fees in the amount of $1,500, shall be paid from the Special Needs Trust

2           to the John C. Smith of the John Smith Law Firm for preparation of the special

3           needs trust for the minor plaintiff.

4    IT IS THEREFORE ORDERED that plaintiffs' motion to confirm settlement (ECF No. 11)

5    is GRANTED in accordance with this order.

6    IT IS SO ORDERED

7    DATED this __5th__ day of April, 2017.

8

9    _____

10   MIRANDA M. DU
     UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28